IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Alanda Jean Dease,<br>　　Plaintiff,<br><br>　　v.<br><br>Commissioner of Social Security<br>Administration,<br>　　Defendant. | Case No. 8:14-cv-00204-JFA-JDA<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

Plaintiff is proceeding pro se and brought this action on January 23, 2014, to obtain judicial review of a final decision of the Commissioner of Social Security. [Doc. 1.] Plaintiff's brief was due on August 18, 2014. [*See* Doc. 20 (docket entry text indicating Plaintiff's brief was due by 8/18/2014).] As of August 22, 2014, no brief had been filed. Because Plaintiff is proceeding pro se, the Court filed an Order on August 22, 2014, giving Plaintiff through September 11, 2014, to file her brief. [Doc. 23.] Plaintiff was specifically advised that if she failed to file a brief, this action would be dismissed for failure to prosecute. [*Id.*] Despite this explanation, Plaintiff elected not to file a brief.

　　Based on the foregoing, it appears Plaintiff no longer wishes to pursue this action. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice *sua sponte*." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark*

*Indust., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty., Va.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and
>
> (4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

As Plaintiff is proceeding pro se, she is personally responsible for her failure to file a brief. The case has been pending over seven months, and Plaintiff has now had two months since the filing of the Answer to file a brief. The Court is unsure what errors Plaintiff alleges the Administrative Law Judge made when deciding to deny Plaintiff's benefits. [*See*

Doc. 1 (failing to point to specific errors made at the administrative level).] The Court has warned Plaintiff that the case would be dismissed pursuant to Rule 41(b) if Plaintiff failed to file a brief. [Doc. 23.] Despite this explanation, Plaintiff has elected not to file a brief. Because Plaintiff has already ignored deadlines set by the Court, sanctions less drastic than dismissal would not be effective.

Wherefore, based upon the foregoing, the Court recommends that the case be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO RECOMMENDED.

September 17, 2014  
Greenville, South Carolina

s/Jacquelyn D. Austin  
United States Magistrate Judge